UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14360-CIV-ROSENBERG/MAYNARD

WEST COAST INVESTORS, LLC,

    Plaintiff/Counter-Defendant,

v.

D.R. HORTON, INC.,

    Defendant/Counter-Plaintiff.
_____/

## ORDER ON NON-PARTIES' OBJECTION/MOTION TO QUASH SUBPOEANA (DE 49)

**THIS CAUSE** comes before this Court upon an Order of Reference and the above Motion. Having reviewed the Motion and Response, this Court finds as follows:

1.    The dispute that underlies this lawsuit is the development of lots at the "Tesoro" planned community. West Coast Investors, LLC ("WCI") is the overall land owner and community developer. As such, WCI also owns and operates the Tesoro Country Club and the Tesoro Property Owners Association. WCI entered into a contract with D.R. Horton, Inc., ("Horton") to build houses on a group of lots within the Tesoro development. Each side alleges that the other fell short of its contractual obligations. WCI complains that Horton fell short of its house construction goal which caused the Tesoro Country Club to fall short of needed new memberships. That had an adverse impact on the country club and the extent of its offerings, and that in turn has brought down property values on the whole. In its Counterclaim (DE 43) Horton lays blame with WCI. Horton alleges that WCI reduced the scope of the Tesoro Country Club's offerings which made it harder for it to sell its lots to new residents. Horton says that despite making its own substantial improvements to the overall community, it decided to cease further

construction activity given the loss of the country club incentives and the cost of ongoing country club fees. Its business plan stopped being viable, Horton asserts. The District Court dismissed WCI's Complaint. Therefore it is Horton's Counterclaim that remains the operative pleading in this lawsuit.

2. At issue before this Court now is the subpoena duces tecum that Horton sent to the accounting firm of Lamn, Krielow & Dytrych, PA. ("LKD"). As it explains in its Response (DE 58) Horton seeks "documents related to the accounting services provided by LKD on behalf of the Tesoro Property Owners Association, Inc. ("Association") and/or [the Tesoro Country Club] ("Club")". Horton believes that the Tesoro Property Owners Association, Inc., hired the Lamn, Krielow & Dytrych, PA accounting firm to provide accounting services for the 2011 to 2014 fiscal period. All that the record shows, this Court observes, is that that Tesoro Property Owners Association, Inc., hired LKD to perform an audit for the year ending December 31, 2014. As for the Tesoro Country Club, this Court sees no indication in the available record that it hired LKD at any time. This Court assumes that the Association and the Club are separate legal entities.

3. As for the range of documents that Horton seeks from LKD, it is very broad. First, Horton seeks all manner of engagement records such as invoices and billing; documents related to the provision of service; and all correspondence between them. Second, Horton seeks work that LKD has done for those two entities including all tax returns, financial accounting statements, bookkeeping, liability assessments, audits, and budgeting. Thirdly, Horton seeks all documents and communications regarding WCI or Horton. Lastly, Horton seeks LKD's "entire file related to" the Association and the Club. Presumably that last part of the subpoena in which Horton seeks the entire files renders redundant the rest of the subpoena because it is all-inclusive.

4.     The Tesoro Property Owners Association, Inc., and the LKD accounting firm object to the subpoena, and they move to quash it[1]. Except for the Engagement Letter which they do produce (by attaching it to their Objection/Motion to Quash at DE 49—2), they decline to produce the documents for which Horton asks. They object on the basis of the accountant-client privilege of § 90.5055, Fla. Stat. Subsection (1)(c) of that statute protects the confidentiality of "[a] communication between an accountant and the accountant's client". Subsection (2) gives the client the right to refuse the disclosure of:

> the contents of confidential communications with an accountant when such other person learned of the communications because they were made in the rendition of accounting services to the client. This privilege includes other confidential information obtained by the accountant from the client for the purpose of rendering accounting advice.

Subsection (3) permits either the client or the accountant (on the client's behalf) to assert the privilege.

5.     Horton argues against the application of the accountant-client privilege. Horton raises a variety of arguments to support its position. This Court finds them all unpersuasive.

6.     This Court begins with Horton's procedural-based arguments. Horton's first procedural-based argument is that the non-parties' Objection/Motion to Quash falls short of the requirements of Rule 45(e)(2)(A), Fed.R.Civ.P., to obtain such relief. While the Objection/Motion to Quash may be brief, it nonetheless "expressly make[s] the claim" for withholding the subpoenaed information, as that rule requires. While brief, the Objection/Motion to Quash also is succinct: they are asserting the privilege protection of § 90.5055, Fla. Stat. Given the breadth of its document request---for the LKD's entire file---this Court sees no

---

[1] Tesoro Property Owners Association, Inc., and the LKD accounting firm appear before this Court through WCI's counsel of record, this Court notes.

practical need for a privilege log. The accounting firm and its client, the Association, assert the accountant-client privilege for its entire file (except for the Engagement Letter which was provided).

7. Nor does this Court find persuasive Horton's argument that the Association has waived accountant-client privilege protection. Horton relies on the fact that the Association did not object to identical subpoena duces tecum upon two other accounting firms. However Horton only shows that the Association waived its privilege protection with respect to the particular accounting services that those two accounting firms provided. The Association is not taking an inconsistent position with respect to the accounting services that this accounting firm, LKD, provided. Compare U.S. v. Suarez, 820 F.2d 1158 (11th Cir. 1987) (holding that the litigant may not invoke the attorney-client privilege to block his attorney from testifying at trial after the litigant already allowed his attorney to testify about the same subject matter at a pre-trial evidentiary hearing).

8. Having found no procedural reason to deny the Motion to Quash, this Court turns to its merits. To begin with, this case does not present the situation of a litigant who gives his accountant financial records for the strategic purpose of using the accountant-client privilege to shield them from discovery. Compare Paper Corp. of Am. v. Schneider, 563 So.2d 1134 (Fla. 3rd DCA 1990). Based on the record before this Court, this Court assumes that the Association gave its financial records to LKD for bona fide accounting services. Consequently this Court finds Horton's reliance on Schneider unpersuasive in this situation.

9. Horton also argues that the privilege does not protect the underlying financial information that the Association gave to LKD. This Court notes that in the case of in re Hillsborough Holdings Corp., 176 B.R. 223, 236 (M.D. Fla. 1994), the court limited the scope of

the accountant-client privilege protection to the accountant's analyses and notations. It did not apply the privilege to the underlying information that the client had given its accountant with which to provide those services. However Hillsborough Holdings only supports Horton's position to a limited degree. That court was not directly presented with the question of whether the privilege protects the underlying information that a client provides his accountant; the client was not contesting that point on appeal.

10. Even if Horton is correct that the accountant-client privilege does not protect the financial records that the client gives to the accountant, the subpoena does not limit itself to just that category of information. This Court disagrees with the assertion that Horton makes at page 7 of its Response (DE 58) that it "has not requested any documents prepared by LKD or which reflect their analysis of the financial information provided by the Association." Both expressly and in substantive effect, the subpoena asks LKD to turn over its entire file.

11. Even if Horton is correct that the accountant-client privilege does not protect the financial records that the client gives to the accountant, nor does that argument necessarily justify denying the Motion to Quash in this particular situation. Horton already is entitled to obtain the underlying financial records from the Association directly (rather than indirectly from the Association's accountant). Horton is a member of the Tesoro Property Owners Association, Inc., and as such it enjoys a statutory right of inspection. Section 720.303, Fla. Stat., requires the Association to produce a wide range of financial records to Horton on demand.

12. Given the overall situation and circumstances, this Court finds the most practical course of action is to grant the Objection/Motion to Quash. See Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc., 2008 WL 11333314, *3 (S.D.Fla. 2008) (striking the request to the litigant's accountant for underlying financial records as overbroad). Instead Horton shall use its statutory

right of inspection to obtain financial records from the Association. After the Association produces those records, then Horton may send a new subpoena to LKD to obtain any additional records that Horton feels it is permitted to have. That subpoena shall be narrowly worded and focused to that refined request. Should the Association or LKD object to that new subpoena on privilege grounds, then the objecting party(s) shall comply with Rule 45(e)(2) to preserve that objection. Should conferral efforts fail to resolve the parties' dispute, then the parties may seek judicial relief in compliance with the applicable Federal Rules of Civil Procedure, the Local Rules, and this Court's Order Setting Discovery Procedures (DE 7).

13.     This Court makes the general reminder that Horton also must be prepared to show the relevance of any requested financial records, consistent with the relevance standard for discovery purposes. Cf. Bd. of Trustees v. Am. Educ. Enters., LLC, 99 So.3d 450, 457-58 (Fla. 2012) (discussing the relevance of a party's financial records under Florida law).

14.     As a final matter this Court notes that the Tesoro Country Club does not join the Association and LKD in the Objection/Motion to Quash (DE 49). (Nor does the record establish the predicate that the Club even was a client of LKD during the relevant time period.) Nevertheless, because this Court grants the Motion to Quash, the involvement of the Tesoro Country Club is a moot point. However, should Horton revive its request to LKD for both entities' financial information, Horton shall submit a separate subpoena for each.

It is therefore,

**ORDERED AND ADJUDGED** that the Objection/Motion to Quash Subpoena (DE 49) is **GRANTED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 12th day of March, 2020.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE